**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| S.C. Department of Social Services; State of South Carolina; and Charleston County Family Court, | ) ) ) ) | Case No. 2:25-cv-06543-RMG-MGB |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | **REPORT AND RECOMMENDATION** |
| Alan Bey, | ) ) ) | |
| Defendant. | ) ) | |

Defendant Alan Bey, proceeding *pro se*, has filed a notice of removal purporting to remove a child support action from the Charleston County Family Court. (Case No. 2018-DR-10-00219.) Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review the initial pleadings in this action and submit recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this action be remanded to the Charleston County Family Court for lack of subject matter jurisdiction.

As an initial matter, it appears Defendant Bey's removal of this case is procedurally defective. Under 28 U.S.C. § 1446(a), "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Here, Defendant Bey filed a Clerk's Affidavit dated May 21, 2024, scheduling a hearing to show cause in relation to certain delinquent child support payments. (Dkt. No. 1-1 at 5.) Defendant Bey did not, however, attach any other obvious state court filings that would have logically preceded or followed this notice. Moreover, Defendant Bey has provided no indication that this case was removed within the

thirty-day time limit for removal. *See* 28 U.S.C. § 1446(b).

Notwithstanding these procedural defects, the instant case is subject to remand because Defendant Bey has failed to establish the Court's jurisdiction over this matter. Indeed, federal courts are courts of limited jurisdiction, meaning they possess only that power authorized by Article III of the United States Constitution and affirmatively granted by federal statute. *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992). There are two primary bases for exercising original federal jurisdiction over an action: (1) "federal question" under 28 U.S.C. § 1331, and (2) "diversity of citizenship" under 28 U.S.C. § 1332. A state court defendant may remove a civil action only if it is one over which a federal district court would have original jurisdiction. 28 U.S.C. § 1441(a). In other words, "a district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019). The removing defendant has the burden of establishing subject matter jurisdiction, *Lett v. Hawkins*, 518 F. Supp. 3d 891, 893 (D.S.C. 2021), and a district court may *sua sponte* remand a case to state court if federal jurisdiction is lacking. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

"Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). To that end, a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993). In the instant case, Defendant Bey does not contend that Plaintiffs brought any claim in state court arising under the Constitution, treaties, or laws of the United States. Instead, Defendant Bey appears to remove the state court action by asserting defenses or counterclaims which

purportedly raise questions of federal law. (*See* Dkt. No. 1 at 1, 3–4, suggesting that the state court proceedings have violated Defendant Bey's right to due process and equal protection under the law.) As noted above, however, these subsequent allegations do not establish federal question jurisdiction over Plaintiffs' original child support action.[1] *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831–32 (2002) (explaining that "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis" for invoking federal subject matter jurisdiction in the removal context); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987) ("[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law" for purposes of removal).

Although Defendant Bey does not reference diversity jurisdiction as a ground for removal here, it is worth noting that the Court likewise cannot exercise jurisdiction pursuant to § 1332, which requires complete diversity of parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a). "It is well established that for purposes of diversity jurisdiction, a State is not a 'citizen.'" *See S.C. Dep't of Disabilities & Special Needs v. Hoover Universal, Inc.*, 535 F.3d 300, 303 (4th Cir. 2008) (referencing *Moor v. County of Alameda*, 411 U.S. 693, 717 (1973)). Accordingly, there is no diversity of citizenship where a state is a named as a party, as is the case here. *See State of Wis. (Dep't of Revenue; Income Sales, Inheritance & Excise Tax Div.) v. Maryland Nat. Bank*, 734 F.2d 1015, 1016 (4th Cir. 1984) (explaining that "28 U.S.C. § 1332 does not deal with cases in which a State is a party").

---

[1] To be sure, federal district courts typically "abstain from exercising jurisdiction, a concept long endorsed by the Fourth Circuit[,] in the context of family-law issues." *See Desper v. Demastus*, No. 7:20-cv-749, 2021 WL 5049773, at *3 (W.D. Va. Nov. 1, 2021); *Doe v. Doe*, 660 F.2d 101, 105 (4th Cir. 1981) (finding that "federal courts must be alert to keep genuinely domestic matters such as 'child custody,' out of the federal courts") (internal citations omitted); *see also Walker v. Laundry*, No. 3:17-cv-20-HEH, 2017 WL 6402989, at *2 (E.D. Va. Feb. 3, 2017), *aff'd as modified*, 697 F. App'x 179 (4th Cir. 2017) (dismissing case where plaintiff had failed to identify, and the court failed to discern, how child custody proceedings stated a federal claim for relief).

For the foregoing reasons, the undersigned **RECOMMENDS** that the district judge remand this matter to the Charleston County Family Court for lack of subject matter jurisdiction. The undersigned further **RECOMMENDS** that Defendant Bey's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) be dismissed as moot.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

July 11, 2025
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).